Thomas *v.* Isett.

---

ERROR, *to Muscatine District Court.*

On a motion to affirm the judgment for want of notice.

*Jacob Butler,* for the motion.

*S. Whicher,* contra.

---

THOMAS *et al. v.* ISETT.

In an action for trespass, of seizing and detaining goods, the belief or opinion of a merchant, that the plaintiff had sustained injury in credit as a merchant, to a specified amount, is not admissible.   The testimony of the witness should be limited to the facts, and the jury will estimate damages from those facts.

Loss of credit in such an action cannot be proved, until it appears to be intimately connected with the act complained of, and to have been done with an aggravating and malicious intention to injure the party complaining.

ERROR, *to Louisa District Court.*

*J. C. Hall* and *H. W. Starr,* for the plaintiffs in error,

Thomas *v.* Isett.

contended, 1st. That the issue confines the evidence of the
plaintiffs below to the following points : 1. The committing
of the act alleged ; 2. The attendant circumstances. The
evidence should be given to the jury, 1. To prove the real
injury done to plaintiff on his property, in order to compen-
sate him for the loss sustained; 2. Attendant circumstances
of aggravation, which consists in evidence of the intent and
manner of committing the act of trespass.

2d. In proving the attending circumstances, for the purpose
of compensation, the plaintiff can only rely upon those conse-
quential results, where the law implies or would give gen-
eral damages, that is, where damages are the natural conse-
quences of the principal fact proved. 4 Blackf. 348 ; 8 John.
446; 14 ib. 272; 5 Cowen, 587; 4 ib. 53; 2 John. 280 ; 2
New Hamp. 135; 14 Wend. 90; 18 ib. 78; 4 Blackf. 277;
1 Payne, 111; 3 Dallas, 333 ; 3 Wheaton, 546; 5 ib. 385;
2 Greenl. *Ev.* p. 209, § 252 to 275 ; 2 Stark. Ev. 1111–1114
and note.

3d. Plaintiffs contend, that the evidence admitted to prove
loss in custom,—loss in profits,—loss of reputation as a mer-
chant, was error, because, 1. The evidence proves double
damages, loss of custom and loss of profits, inasmuch as
custom is only valuable for the profits. 2. It is not a sub-
ject of damages ; it did not show intent or motive, nor injury
sustained to property that is subject of trespass. 1 Chitty,
150, 428, and cases cited above.

4th. The plaintiffs contend, that there was error in admit-
ting the opinions of witness, as to amount of damages sus-
tained, opinion as to injury to character, loss of custom, &c.
10 John. 281 ; 1 Greenl. Ev. 488, 491 ; 3 Hill, 610 ; 5 Barn.
and Ald. 840.

*W. G. Woodward* and *R. P. Lowe,* for the defendant,
on the subject of damages, and particularly of *special* dam-
age, and what must be proved under a claim of special
damage.

In this action *special* damages are claimed, and in such

case we hold that they must be proved, and the amount of special damage. 2 Greenl. Ev. 209 et seq., and §§ 254, 267, 268; 1 Chit. Pl. 428 v. to 428 cl.; 8 Am. Com. Law, 202, 203, 206, 207; 1 Baldwin 59, 142; 2 Phil. Ev. 188; 19 John. 382; 4 Peter's Cond. R. 328; 3 Har. and M. Hen. 510; 1 Mass. 12.

*Opinion by* HASTINGS, C. J. The defendant sued the plaintiffs in an action of trespass, for seizing the goods of defendant of the value of $3487.58, and detaining the same about four months, and thereby injuring the defendant's goods, custom, and business, as a merchant, and his credit as such, and for other injuries, &c., &c.

It appears from the record, that the plaintiffs, Postelwait and Craigen, sued I. W. Isett, by process of attachment, and the plaintiff, Thomas, being the sheriff of Louisa county, attached the goods specified in defendant's declaration, as the goods of said I. W. Isett, detained them for the time specified in said declaration, and returned them. During the trial, ten bills of exception were taken and allowed, and as many errors are assigned. It appears from the second bill of exceptions, that the court permitted defendant to prove before the jury by a merchant, his belief that the taking goods in the declaration specified, injured the defendant's credit as a merchant. This we think was error. Although it is true that the belief and opinions of certain classes of persons are legitimate testimony to a jury, such kind of testimony is contrary to a general rule of law.

We do not think that the belief of the witness specified in this bill of exceptions, should have gone to the jury. It was the province of the jury to deliberate upon the facts submitted to them, and from the facts submitted, to infer the injury complained of. On questions of science, skill, or trade, experts are allowed to testify their opinions or belief; and in 1 Greenl. Ev. 515, the various cases in which such kind of testimony will be received, are enumerated and commented upon. The opinion or belief must be pertinent to the matter

Thomas *v.* Isett.

of science, skill, or trade, and having a tendency to develop certain facts, about which none are supposed to be so well informed as an adept. The defendant's credit as a merchant was not so involved in the mysteries of trade as to require only a merchant to entertain a sound opinion in relation to it, and to make him any better judge of the value of such credit, than the jurors themselves.

The fifth bill of exceptions sets forth several questions put to a witness who had been a merchant, and his answers thereto, and among other questions was the following, viz.: "Taking Mr. Isett's trade as you knew it to be in the spring of 1843, and have $2200 or $3000 taken at once out of the store for four or five months, what would have been the damage to him?"

Ans. "The amount of profits, I should suppose, would be about $500. The loss of credit and the loss of custom, would be at least as much more." Which question and answer were objected to, and objection overruled by the court, and the answer received as testimony. The witness's statement of the amount of profits, and his subsequent reasons for that statement, may have been properly admitted to the jury; but the witness's assessment of $500 damages, for loss of credit, should not have been admitted to the jury, especially under the ruling of the court. It is difficult to interpret the meaning of the witness. He fixes the value of the profits at $500, and damages for loss of credit and *custom* at as much more. Custom is understood in mercantile parlance to mean a buying of goods, as to give one's custom to a tradesman, and is so commonly understood among men. The word then means nothing in the answer of the witness, as he had just before assessed $500 for the custom or profits, and leaves them $500 assessed for the loss of credit.

The jury should have been permitted to fix the amount of damages for the loss of credit, if such damages could be recovered in this action; and it was error in the court to permit a witness to throw into the jury box, an assessment of damages for what had not been proved to exist.

It might have been proper for the witness to state facts which would show a loss of credit and character, provided such loss could be connected with, and was directly consequent to, the wrongful taking or acts complained of.

This witness was called upon to state the reason for his opinion, and did undertake to give to the jury a reason for his estimate on the loss of profits; but he does not give a reason for the same estimate on the loss of credit, and we think his making an estimate of $500 for loss of credit and custom should have been overruled, and not permitted to go to the jury.

The case cited by plaintiff's attorney, *Herrick* v. *Lupham,* 10 John. 284, sustains the views we have expressed. The verdict in that case was set aside, for the reason that witnesses were permitted to express their opinion of the loss of reputation of the plaintiff as a merchant, and the court say, " To call upon witnesses to say whether a party has not sustained or suffered a material injury, by reason of the slander, is asking their opinion only, and putting them in the place of the jury, to draw conclusions from the facts proved in the case. This cannot be admitted."

If this could not be done in an action for slander, of the kind above referred to, much less could the witness in this case express his opinion as to the loss of credit, and assess the damages thereon.

The record does not disclose proof of circumstances of aggravation, nor evidence that the plaintiffs acted wilfully and maliciously, with a view to injure the credit of defendant as a merchant; and without such proof, it would be highly unjust to permit evidence to go to a jury of a loss of credit, on the loose opinions of witnesses. If the loss of credit had been a thing proximate to, and consequent upon, the acts complained of, and one of the attending circumstances of a trespass of the kind, testimony of such loss, properly elicited, would have been proper. 2 Greenl. Ev. § 256; 2 Starkie on Slan. 57.

But we believe a loss of credit in such a case as this

Thomas *v.* Isett.

record discloses, is too remote a thing to be presumed from the acts complained of; and before the party could prove such loss, he should have connected it with the act done, by showing a guilty and malicious intention in the party doing the act, so to injure the party complaining. Such evidence could not even be received as matter of aggravation, without proof that the circumstances showing loss of credit belonged to the act complained of. 2 Greenl. Ev. § 266, and note.

The following general principles are settled in one of the cases to which reference is made, *Pacific Insurance Co.* v. *Conard,* 1 Bald. 138 :

In an action of trespass for seizing property under judicial process by a public officer, the party trespassing is liable for the value of the property taken, with interest from the time of taking down to the trial; but the party may be liable for damages resulting to the owner by the trespass, provided there is an abuse of the process, or the property was taken under circumstances of aggravation :

That vindictive, imaginary, or speculative damages ought not to be given in such cases, unless the trespass be committed in a wanton, rude, and aggravated manner, indicating malice or a desire to injure.

There are no extraordinary circumstances of aggravation attending the seizing of the goods specified in this case. Nothing appears of record which shows that the process was wantonly and maliciously sued out, and that the goods were levied upon with a preconceived and wicked determination to produce the result of loss of credit and reputation to the party; and without such averments and proof, the evidence of damages for such loss of credit ought not to have been submitted to the jury.

The objection to the testimony of a merchant as to his belief, as specified in the second bill of exceptions, was well taken, and the court below erred in overruling such objection; and also erred in permitting the testimony of the witness specified in the fifth bill of exceptions to go to the jury, in relation to loss of credit of the defendant as a merchant, and

the opinion of the witness as to the amount of damages sustained from such supposed loss of credit, especially after the witness had omitted to give to the jury his reasons for his estimates and opinions, after having been directly called upon by the defendant to favor the jury with his reasons therefor.

We see no objection to permitting the testimony of the witness's estimate of the loss of profits going to the jury.

The loss of profits was a consequence which would necessarily follow the act complained of; and, inasmuch as the action was brought for recovery for such loss and damages to the goods, we see no objection to the witness's testifying to such loss, and in making an estimate thereof, and assigning his reasons for such estimate, as was done in this case.

The judgment will therefore be reversed, for the reasons above stated, and a new trial awarded, which renders it unnecessary to examine the other errors assigned.